JAMES, J.,
for the Court:
¶ 1. Fred Howard (pro se) appeals from a circuit court’s order affirming the Mississippi Secretary of State’s decision to fine Howard $15,000 for violating the Mississippi Athlete Agents Act. Finding no error, we affirm.
PROCEDURAL HISTORY
¶ 2. In 2008, Howard obtained certification from the National Football Players Association (NFLPA) to serve as a players’ agent. Although Howard operated as an individual agent, he developed a business relationship with Authentic Athletix, a professional-sports-agency firm. On November 29, 2011-, Donovan Robinson, a senior football player' for Jackson State University, entered -into a contract authorizing Authentic Athletix to negotiate or solicit a professional-sports agreement on his behalf. Howard, who was not registered as an athlete agent with the Secretary of State, had solicited Robinson to sign the contract with Authentic Athletix.
¶3. Authentic Athletix required Robinson to execute a promissory note in the amount of $1,500 at an interest rate of ten percent due to Authentic Athletix for advancing funds to Robinson for expenses incurred by Robinson to - attend NFL training camps. Authentic Athletix procured a professional-sports contract for Robinson with the New Orleans Saints. The contract was executed by Howard and a representative of Authentic Athletix on June 21, 2012. Robinson and a representative of the New Orleans Saints executed the contract the next day. Because Robinson was never a part of the team’s “main active/inactive roster,” he never received any remuneration under the contract. For that reason, Howard never received any compensation from Robinson or Authentic Athletix.
¶ 4. On August 6, 2012, the Mississippi Secretary of State’s Regulation and Enforcement Division (division) sent a letter to Howard notifying him that it had reason to believe he was in violation of Mississippi Code Annotated section 73-42-1, et seq., known as the Mississippi Athlete Agents Act (Act). The letter stated that based on published reports, Howard had signed two Jackson State University student-athletes, specifically Robinson and Casey Ther-riault, to agency contracts without first being registered as an athlete agent. The letter provided that the failure to register as an athlete agent rendered any contract he had entered into with a student-athlete void and that a fine up to $25,000 could be imposed on him for each violation of the Act. The division requested that Howard either produce documentation indicating that he was registered as an athlete agent with the Secretary of State’s Office or, if he was not registered, to show cause why he was not in violation of the Act.
¶ 5. On August 21, 2012, Howard responded to the division’s letter. Howard stated that he “was unaware until the time that [he] received the correspondence from [the division] that [he] was to register with the Secretary of State’s [0]ffice for Mississippi after [his] certification with the NFLPA and was not informed of this policy by anyone with the NFLPA.” He apologized for his lack of awareness of the laws requiring registration. He also stated: “[A]s an agent I signed Donovan Robinson and not Mr. Therriault.” Howard attached an executed application for registration as an athlete agent to his letter. Due to the pending charge, Howard’s application for registration was not approved and a certificate was not issued to him.
¶ 6. On September 24, 2012, the division offered Howard the option to execute a *298 consent agreement and pay a $3,000 fíne for violating the Act as a means to resolve his charge and avoid an administrative action. However, if Howard,refused,.he was requested to notify the division and request a hearing date: . Howard refused to aecept the offer and requested a hearing. Again, Howard, identifying himself as an agent, stated that he was “unaware until the time that [he] received the correspondence from' [the division] that [he] was to l-egister with the Secretary of State’s [0]f-fiee for Mississippi[.]” Again, Howard also apologized for his lack of awareness of the laws. On- November 5, 2012, the division appointed a hearing officer, and set a hearing for December 18, 2012. The day before the hearing, Howard’s newly retained counsel requested á continuance. ' The hearing was rescheduled and held on February 27,2013.
¶ 7. On May 8, 2013, the hearing officer issued his report and -recommendation. The hearing officer determined that Howard violated Mississippi Code Annotated section 73-42-33 (Rev.2012) by failing to ■register as-an athlete, agent prior to entering into an agency contract with a student-athlete and recommended that Howard be fined $25,000, The hearing officer’s findings of fact included the following, in part:
Donovan Robinson (“Robinson”) was engaged in the intercollegiate sport of football at Jackson State University ánd'was eligible to be engaged in the' sport of football for a professional sports 'team during the time period he had contact with [Howard].
[[Image here]]
Upon réview of the record and by [Howard’s] own admission, he did'not apply for a certificate of registration prior to soliciting Robinson to enter into an agency contract.
[Howard] solicited Robinson to sign an agency contract as early as November 29,2011[.]
[Howard] did not submit an application to register as an athlete-agent to the Mississippi Secretary of State until August 22,2012[J •
[[Image here]]
By [Howard’s] own admission, he attempted to contact and/or did contact other student-athletes for agency contracts with [Authentic Athletix]. These athlete's include Kevin. Bolton from the University of Southern Mississippi, Már-celes Wilder from Jackson State University, Chanee Dennis from Delta State ■ University, Dominique Davenport from Delta State University, Darius Hanks .from the University of Alabama, and Isaac Williams from Alcorn State Uni-yersity.. The [r]ecord is unclear to what extent [Howard] attempted to solicit these student-athletes into .agency contracts with [Authentic Athletix] nor the time period of the various solicitations.
¶ 8. The hearing officer’s conclusions of ■law included the following:
Robinson was a “student-athlete” within the meaning of Miss.Code Ann. § 73-■42-3(1), ,
[Howard’s] solicitation of Robinson to enter into a contract authorizing Authentic Athletix to negotiate or solicit on Robinson’s behalf a professional-sports-services. contract causes him to be an athlete agent within the meaning of > Miss.Code Ann. § 73-42-3(b).
As an athlete agent, [Howard], is subject to the requirements of the Act.
Miss.Code Ann. § 73-42-7(1) requires, in part, for individuals acting as athlete agents -in the State of Mississippi to be issued a certificate of registration under Miss.Code Ann. § 73-42-7 — [Howard’s] failure to register as an athlete agent with[in] the time, period required *299 by Miss.Code Ann. § 73-42-7 is a violation of the Act by [Howard].
¶ 9. On June 25, 2013, the Secretary of State adopted the hearing officer’s findings in their entirety, but reduced the fine to $15,000. The Secretary of State heid: “Howard solicited Donovan Robinson, of Jackson State University, a Mississippi student-athlete, to enter into an agency contract when Howard was not a registered athlete agent with the Mississippi Secretary:of State’s Office as required by Mississippi Code Annotated [s]ection 73-42-7(1).”
¶ 10. Howard filed a petition to reverse and fully set aside the final order in the circuit court. The division respondéd to Howard’s petition, filed a certified copy of the administrative record under Mississippi Code Annotated section 73-42-34(6), and requested a briefing schedule. On September 16, 2013, the circuit court entered a briefing schedule. Howard chose not to file a brief. On December 6, 2013, the division filed its brief. On December 16, 2013, the circuit court entered an order affirming the Secretary of State’s decision. On January 6, 2014, Howard filed a motion for reconsideration and an amended motion for reconsideration. On February 5, 2014, the circuit court denied the motions as untimely. On July 25, 2014, the circuit court granted Howard’s motion' to file an out-of-time appeal.[1]
¶ 11. Howard appeals to this Court arguing that (1) he did not violate the Act; (2) the fine imposed on him was arbitrary, and- capricious; and (3) his constitutional rights were violated. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 12. “Appellate review of an agency decision is .limited to the record and the agency’s findings.” Boyles v. Miss. State Oil & Gas Bd., 794 So.2d 149, 153 (¶ 8) (Miss.2001) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw Cnty. Bd. of Supervisors, 621 So.2d 1211, 1216 (Miss.1993)). “Matters of law will be reviewed de novo, with great deference afforded an administrative agency’s construction of its own rules and regulations and the statutes under which it operates.” Sierra Club v. Miss. Envtl. Quality Permit Bd., 943 So.2d 673, 678 (¶ 10) (Miss.2006) (citing McDerment v. Miss. Real Estate Comm’n, 748 So.2d 114, 118 (¶ 9) (Miss.1999)). This Court will not disturb the findings of an administrative agency unless the agency’s action (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of an administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. Boyles, 794 So.2d at 152 (¶ 6).
¶ 13. “A .rebuttable presumption, exists in favor of agency decisions, and this Court may not substitute its own judgment for that of the. agency.” Sierra Club, 943 So.2d at 678 (¶ 11) (citing Chickasaw County, 621 So.2d at 1216). “A decision supported by substantial evidence, will not be overturned; only where the decision is arbitrary and capricious will the courts intervene.” Boyles, 794 So.2d at 153 (¶ 8).
*300 DISCUSSION
I. Whether Howard violated the Act.
¶ 14. Howard argues that he did not violate the Act by challenging a finding of fact made by the Secretary of State. Specifically, Howard argues that he did not violate the Act because Robinson was not a “student-athlete” as defined by the Act.
¶ 15. “The findings of the secretary as to the facts, if supported by competent material and substantial evidence, .are conclusive.'” Miss.Code. Ann. § 73-42-34(6) (Rev.2012). “Substantial evidence is something less than a preponderance of the evidence but more than a scintilla or glimmer.” Sierra Club, 943 So.2d at 678 (¶ 11) (citing Miss. Dept of Envtl. Quality v. Weems, 653 So.2d 266, 280-81 (Miss.1995)). This Court is “concerned only with the reasonableness, of the administrative order, not its correctness.” Sierra Club, 943 So.2d at 678 (¶ 11) (citing Weems, 653 So.2d at 280-81).
¶ 16. The record contains competent material and substantial evidence that Howard violated the Act. Howard admitted in writing on two separate occasions that “as an agent [he] signed Donovan Robinson[.]”' Howard also gave the following testimony:
Q: From 2008 until November 2011, did you sign any other student[-]athletes to a [standard] representation agreement prior to signing Donovan Robinson in November 2011?
A: As I did recall, I did.
Howard then identified six players, other than Robinson, whom he signed while he was acting as an agent. Mississippi Code Annotated section 73-42-27(2)(a) (Rev. 2012) states that “[a]n athlete agent may not intentionally: Initiate contact with a student-athlete unless registered under this chapter[.]” There is no dispute that Howard was never registered as an athlete-agent, although he admitted to signing several student-athletes to agency contracts.
¶ 17. The division provided the statutory definition of a “student-athlete” in its initial show-cause letter. Mississippi Code Annotated section 73-42-3(0 defines a “student-athlete” as
an individual who engages in, is eligible to engage in, or may be eligible in the future to engage in, a sport for a professional sports team or in any intercollegiate sport at any educational institution. If an individual is permanently ineligible to participate in a particular intercollegiate sport, the individual is not a student-athlete for purposes of that sport.
¶ 18. Howard argues that Robinson was not a student athlete because he had exhausted his eligibility. However, when Howard was prompted to show cause why he had not violated the Act, Howard simply apologized for his unawareness of the registration requirement, urged that he received no compensation from Robinson, and claimed that “Mr. Robinson contacted me and asked if we could assist him in his professional career.” Howard did not qualify hi? admission by stating that Robinson was not a “student-athlete” because Robinson had exhausted his eligibility,. as he now contends. The Secretary of State specifically found that Robinson was a student-athlete within the meaning of the Act. Based on Howard’s admissions and the record before us, we will not disturb the Secretary of State’s finding because it is conclusive under Mississippi Code Annotated section 73-42-34(6).
¶ 19. Regardless of Robinson’s eligibility status, Howard violated the Act by representing to the public that he was an agent while not being registered with the *301 Secretary of State. Mississippi Code Annotated section 73-42-3(b) (Rev.2012) defines an “athlete agent” as
an individual who enters into an agency contract with a student-athlete or, directly or indirectly, recruits, induces or solicits a student-athlete to enter into an agency contract. The term does not include a spouse, parent, sibling, grandparent or guardian of the student-athlete or an individual acting solely on behalf of a professional sports team or professional sports organization. The term includes an individual who represents to the public that the individual is an athlete agent.
¶20. Mississippi Code Annotated section 73-42-7(1) (Rev.2012) states that “an individual may not act as an athlete agent in this state before being issued a certificate of registration under Section 73-42-11 or 73-42-15.” In an April 2012 interview with the Clarion Ledger, Howard identified himself as an athlete agent, who represented Robinson. The record contains numerous admissions by Howard identifying himself as an athlete agent. Howard was not registered as an athlete agent in Mississippi, yet he unequivocally represented to the public that he was an athlete agent, which is a violation of section 73-42-7(1). Consequently, Howard violated the Act regardless of the eligibility status of Robinson.
¶21. For these reasons, we find that the Secretary of State did not err in concluding that Howard violated the Act.
II. Whether the penalty imposed on Howard was arbitrary or capricious.
¶ 22. Howard argues that the fine imposed by the Secretary of State was arbitrary and capricious. We disagree. .
¶ 23. “The Secretary of State may assess a civil penalty against an athlete agent not to exceed Twenty-five Thousand Dollars ($25,000.00) for a violation of this chapter.” Miss.Code. Ann. § 73-42-33. The Secretary of State displayed leniency to Howard by reducing the potential statutory maximum fine of $25,000 to $15,000.
¶ 24. An administrative agency’s choice of penalty is within their discretion and may be overturned only if it is arbitrary or capricious. Chickasaw Cnty., 621 So.2d at 1218. “An action is arbitrary or capricious if the agency entirely failed to consider an important aspect of the problem, or offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.” Sierra Club, 943 So.2d at 678 (¶ 11). We find that the fine of $15,000 was not arbitrary or capricious. The penalty is well within the Secretary of State’s authority under section 73-42-33, and is supported by substantial evidence in the record that Howard violated the Act. Therefore, we affirm the penalty imposed by the Secretary of State.
III. Whether Howard’s constitutional claims are waived.
¶25. Howard argues that his constitutional rights were violated. Specifically, Howard argues that his First Amendment, due-process, and equal-protection rights were violated. However, Howard did not raise any constitutional arguments in his response to the hearing officer’s findings of fact and conclusions of law and recommendations. Howard did not raise these issues in his petition to reverse and fully set aside the Secretary of State’s final order. On appeal from the Secretary of State’s decision, Howard chose not to file a brief in the circuit court after the briefing schedule was entered.
¶ 26. The first time Howard raised any constitutionality arguments was in his mo- *302 tipn for reconsideration and amended motion for reconsideration after the circuit court had entered its order. The circuit court dismissed the ipotions to reconsider as untimely and did not address the merits of any claims raised by Howard in his motions. We find that Howard waived his constitutional claims. See Robey v. Cleveland Sch., 138 So.3d 230, 237 (¶¶ 35-36) (Miss.Ct.App.2014) (finding that the appellant’s failure to raise a constitutional issue at the trial level constituted a waiver of the issue); see also Wright v. White, 693 So.2d 898, 903 (Miss.1997) (“This Court will not éntertain on appeal a new theory of unconstitutionality which could have been raised, but was not advanced, before the trial court until a post-judgment motion.”).
¶ 27. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. On June 17, 2014, the circuit court entered an order denying Howard’s motion to file an out-of-time appeal. On July 9, 2014, the supreme court vacated the order denying Howard’s out-of-timé appeal and remanded the case for the circuit court to consider whether Howard was entitled to an extension under Rule 4(g) of the Mississippi Rules of Appellate Procedure, On July 25, 2014, the circuit court granted Howard an extension. On July 31, 2014, the supreme court accepted Howard's notice of appeal as timely, and allowed the’appeal to proceed.